UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB BRONSON, | No. 2:24-cv-01969-DAD-EFB (PC) |
| Plaintiff, | |
| v. | SCREENING ORDER |
| JEFF DIRKSE, | |
| Defendant. | |

Plaintiff, who was formerly incarcerated in the Stanislaus County Public Safety Center, proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. Plaintiff has also filed a motion to proceed in forma pauperis. ECF No. 11. For the reasons that follow, plaintiff's motion to proceed in forma pauperis will be granted, and the complaint will be dismissed with leave to amend.

Background

Plaintiff initiated this action by filing a complaint and a motion to proceed in forma pauperis. ECF Nos. 1, 2. The in forma pauperis application was incomplete, prompting the court to order plaintiff to submit a completed application by May 28, 2025. ECF No. 7. Having received no response by September, the court recommended dismissal of the action. ECF No. 8. Plaintiff sought an extension of time to object to the recommendation, which the court granted. ECF Nos. 9, 10. Instead of objecting, plaintiff filed a new and complete in forma pauperis application. ECF No. 11. The court will therefore vacate the recommendation that the case be

1

dismissed and screen the case.

Motion to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

This standard is echoed in 28 U.S.C. § 1915(e)(2), which requires that courts dismiss a case in which a plaintiff proceeds in forma pauperis at any time if it determines, among other things, that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  "[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing the predecessor to modern § 1915(e)(2), former § 1915(d)).  Thus, § 1915(e)(2) allows judges to dismiss a claim based on factual allegations that are clearly baseless, such as facts describing "fantastic or delusional scenarios."  *Id.* at 327-38.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

2

its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A complaint that is frivolous, malicious, or fails to state a claim cannot survive screening under section 1915A(b) and must be dismissed.  A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that "§ 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").  In addition, a sufficiently plead complaint under Rule 8 must "put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## Discussion

Plaintiff sues Jeff Dirkse, "Sheriff-Coroner" at Stanislaus County Public Safety Center. ECF No. 1.  He alleges that, while he was incarcerated at the Center, the showers were not cleaned "correctly," causing "a serious health and safety issue." *Id.* at 3.  The showers contained "what appear[ed] to be black mold." *Id.*  Plaintiff developed lesions on his leg that were treated

but could not be diagnosed. *Id.* He believes that the lesions were caused by a staph infection. *Id.*

It is not clear whether plaintiff was incarcerated at the jail as a pretrial detainee or after a conviction. The distinction determines whether his claim is governed by the Eighth Amendment or the 14th Amendment. *Shorter v. Baca*, 895 F.3d 1176, 1183 (9th Cir. 2018). The elements of a pretrial detainee's conditions-of-confinement claim against an individual defendant under the 14th Amendment are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved— making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions-of-confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731-32 (9th Cir. 2000) (quotations and citations omitted).

"The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred. The more basic the need, the shorter the time it can be withheld." *Johnson*, 217 F.3d at 731 (internal quotation marks and citations omitted). "[S]ubjection of a prisoner to a lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995).

Whether the court applies the 14th Amendment standard or the Eighth Amendment standard to plaintiff's allegations, the complaint does not contain sufficient factual allegations to state a claim. Plaintiff does not allege the length of his exposure to the unsanitary condition in the

showers, the extent of the mold growth, how it caused plaintiff's lesions, or whether defendant knew of the mold. *See Sanchez v. Turner*, No. 1:25-cv-00328-JLT-SAB (PC), 2025 U.S. Dist. LEXIS 212031, *4-5 (E.D. Cal. July 11, 2025) (allegations of exposure to black mold in prison were insufficient to state an Eighth Amendment claim absent facts concerning the duration of the exposure, extent of the mold, how the exposure caused plaintiff's injuries, and whether any prison official knew that the mold presented an excessive risk to plaintiff's safety and was deliberately indifferent to that risk).

Plaintiff will be given an opportunity to amend his complaint to cure the deficiencies.

Leave to Amend

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).   The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights.  The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

5

being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Plaintiff must clarify in the amended complaint whether he was incarcerated as a convicted inmate or a pretrial detainee.

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of statements which have no bearing on his legal claims and, to the extent possible, simply provide the facts of the incidents of which he complains (i.e., when the incident happened, who was involved, and how the incident unfolded).

<u>Conclusion</u>

Accordingly, IT IS ORDERED that:

1. The findings and recommendations issued on September 19, 2025 (ECF No. 8) are VACATED;

2. Plaintiff's application to proceed in forma pauperis (ECF No. 11) is GRANTED;

3. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days from the date of service of this order; and

4. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: May 5, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6